UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE COMMONS OXFORD, LLC                                                                    PLAINTIFF

vs.                                                                    Civil No. 3:23-cv-261-GHD-JMV

JOHN MATTHEW PHILLIPS;
MASON ROSS JAMBON; AND
JP HOSPITALITY GROUP, LLC                                                              DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court is the Defendants John Phillips, Mason Ross, and JP Hospitality Group, LLC's Motion for Summary Judgment [27] and Plaintiff The Commons Oxford, LLC's Motion for Summary Judgment. [29]. Upon due consideration, and for reasons set forth below, the Court finds both motions should be denied.

## I.     Factual and Procedural Background

This dispute arises from an alleged breach of contract. [28]. Plaintiff The Commons Oxford, LLC ("Plaintiff") is a commercial real estate developing company managed by David Blackburn. [28]. Defendant JP Hospitality Group, LLC's ("JP Hospitality") owners, John Phillips and Mason Jambon ("Individual Defendants"), established JP Hospitality under Tennessee law "to explore the potential development project at issue." [28]. On October 29, 2020, Plaintiff sent Defendants a Letter of Intent proposing lease terms for a "potential mixed-use entertainment project in Oxford, Mississippi" ("the project").[1] [30]. Both parties signed this Letter of Intent on February 23, 2021. [1-1].

During the time between the Letter of Intent's receipt and signing, there was considerable dialogue between the parties. [28]. These discussions primarily focused on the project's necessary

---

[1] Plaintiff sent the Letter of Intent through its commercial real estate agent, Frank Dyer, who also drafted the document on Plaintiff's behalf.

1

architectural fees. [30, p. 2; 28, p. 4]. Defendant Phillips specifically stated Defendants' "biggest hesitation [was] spending money with the architect" when they had not yet received their market research report. [28-6]. Defendants eventually decided to sign the Letter of Intent and did so on February 23, 2021. [30]. Defendant Jambon also allegedly became highly involved in the project's architectural plans. [36-4]. Subsequently, Plaintiff paid the architectural costs and allegedly relied on Defendants reimbursing half of that amount. [30]. The final amount of architectural costs is in dispute. [28; 30]. When Defendants did not reimburse, Plaintiff brought this action. [1].

## II. Summary Judgment Standard

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id*. at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the

2

parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. *Discussion*

The parties have filed competing summary judgment motions.[2] Plaintiff asserts breach of contract, breach of implied covenant of good faith and fair dealing, and tortious breach of contract claims against all Defendants. [42]. Additionally, Plaintiff asserts a promissory estoppel claim against the Individual Defendants. [42]. Defendants argue the Letter of Intent was of an "expressly nonbinding nature" and no evidence supports piercing JP Hospitality's corporate veil. [28]. The Court will discuss each of these issues in turn.

#### A. Breach of Contract

The parties' primary dispute arises from a final clause in the Letter of Intent. Plaintiff alleges it requires Defendants to reimburse Plaintiff for fifty percent of the project's preliminary architectural costs. That clause states in full:

> *Notwithstanding any of the foregoing*, Tenant and Landlord agree to equally split the architectural costs of Stuart Povall if Tenant decides to not execute a Lease with Landlord. Landlord shall initially pay architectural costs of Stuart Povall, however, Tenant agrees to reimburse Landlord 50% of such costs. Should Landlord move forward with another tenant and use the same plans drawn for the purposes of this proposed Lease, Landlord agrees to reimburse Tenant's 50% contribution.

---

[2] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

[1-1] (emphasis added). Plaintiff contends the "notwithstanding any of the foregoing" language binds the Defendants to the terms of this clause despite any contradictory terms found prior in the Letter of Intent. In contrast, Defendant focuses on the contradictory terms which state:

> This letter is intended to outline the general terms . . . , but it *does not cover all essential terms* of a lease agreement. This letter is *non-binding in all respects* . . . and *shall not be construed as a legally binding agreement*.

[1-1] (emphasis added). Defendants further focus on the Letter of Intent's preamble: "This proposal merely summarizes the discussions of the parties to date and provides a basis upon which the parties may continue to negotiate a definitive lease agreement." [1-1].

The Mississippi Supreme Court has found courts "should determine only whether the contract is ambiguous" at the summary judgment stage, and if the contract is found to be so, "the case must be submitted to the trier of fact, and summary judgment is not appropriate." *Gulf Coast Hospice, LLC v. LHC Group, Inc.*, 273 So.3d 721, 735-36 (Miss. 2019) (citing *Epperson v. SOUTHBank*, 93 So.3d 10, 16 (¶ 16) (Miss. 2012)).

This Court finds the Letter of Intent's construction creates ambiguity between the disputed paragraphs. Although the language allegedly makes the Letter of Intent "non-binding in all respects," the later "notwithstanding" language casts doubt and creates potential for "more than one interpretation." [1-1]; *Id*. Having found ambiguity in the disputed language creates issues of material fact, this Court must deny Plaintiff's and Defendants' motions for summary judgment regarding the breach of contract claim. As a result of that finding, the Court must also deny

4

summary judgment on the claims regarding breach of implied covenant of good faith and fair dealing;[3] tortious breach of contract;[4] and promissory estoppel.[5]

### B. Corporate Veil Piercing Claim

Plaintiff also brings claims against the Individual Defendants in their individual capacities. As such, Plaintiff attempts to pierce JP Hospitality's corporate veil. Veil piercing is an extraordinary measure used only "for factual circumstances which are clearly extraordinary." *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1046 (Miss. 1989). Generally, the Mississippi Supreme Court has found "the fact that the principal shareholder oversees the day-to-day operation" of the business "does not justify the disregard of the corporate entity," nor will the "corporate fiction . . . be disregarded in cases of simple negligence." *Id*. More specific to the case at hand, "[s]ince contract liability arises from an essentially consensual relationship, courts generally decline to disregard the corporate entity, choosing instead to enforce the contract as written." *Id*.

To successfully pierce the corporate veil, the moving party must show: "(a) some frustration of contractual expectations . . . ; (b) the flagrant disregard of corporate formalities"; and "(c) a demonstration of fraud or other equivalent misfeasance." *Id*. at 1047. As described above, Plaintiff has shown material factual disputes exist regarding the first factor of the test. Additionally,

---

[3] "All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Jones v. Miss. Inst. of Higher Learning*, 264 So.3d 9, 18 (Miss. Ct. App. 2018) (quoting *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss. 1992)). However, "the implied covenant of good faith and fair dealing arises only where there is an '*existing* contract.'" *Id*. at 19 (quoting *Daniels v. Parker & Assoc. Inc.*, 99 So.3d 797, 801 (Miss. Ct. App. 2012)) (emphasis added).

[4] "A tortious breach of contract is a *breach of contract* coupled with '. . . independent tort.'" Robinson v. Southern Farm Bureau Cas. Co., 915 So.2d 516, 520 (Miss. Ct. App. 2005) (quoting Wilson v. Gen. Motors Acceptance Corp., 883 So.2d 56,66 (Miss. 2004)) (emphasis added).

[5] "In order to determine whether the corporation veil should be pierced, the *corporation must first* be assumed liable." Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc., 84 So.3d 32, 46 (Miss. Ct. App. 2012) (emphasis added). Plaintiff must first prove Defendant JP Hospitality is liable before the corporate veil can be pierced and a finding on the promissory estoppel claim can occur.

Plaintiff's evidence of Defendants' failure to file annual reports and tax returns until this case's discovery phase and after Plaintiff requested those documents is notable. This sufficiently creates a genuine issue of material fact concerning the veil piercing test's second and third factors. The Court therefore denies summary judgment on the corporate veil piercing issue.

### C. Damages Limitation

The Court now addresses the final dispute; that is, whether a genuine issue of material fact exists regarding damage amounts. The dispute is simple, Plaintiff argues Defendants should pay half the architectural costs Stuart Povall charged, including those listed as "engineering costs." [30]. In opposition, Defendants argue line items listed as "engineering costs" are not included in the overall architectural costs and should be excluded when assessing damages. [28].

The case law is clear, "[t]he assessment of damages presents a question of fact to be determined by the jury." *Giles v. State Farm Fire & Cas. Co.*, 2023 WL 5598991, *3 (S.D. Miss. Aug. 29, 2023) (quoting *Greyhound Corp. v. Dewey*, 240 F.2d 899, 904 (5th Cir. 1957)). Therefore, a jury should determine whether the engineering costs should be included in the overall damage award. A genuine issue of material fact exists, and the Court denies summary judgment on this issue.

### IV. Conclusion

For all the foregoing reasons, the Court finds Plaintiff's Motion for Summary Judgment should be denied and Defendants' Motion for Summary Judgment should be denied. An order in accordance with this opinion shall issue this day.

THIS the 11th day of October, 2024.

_____
SENIOR U.S. DISTRICT JUDGE