UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THE COMMONS OXFORD, LLC                                                                PLAINTIFF

vs.                                                                    Civil No. 3:23-cv-261-GHD-JMV

JOHN MATTHEW PHILLIPS;
MASON ROSS JAMBON; AND
JP HOSPITALITY GROUP, LLC                                                            DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is Plaintiff The Commons Oxford, LLC's ("Plaintiff") Motion to Enforce Settlement [Doc. No. 78]. Upon due consideration, the Court finds it should grant Plaintiff's motion.

### I. Background

The parties' underlying dispute arises from an alleged breach of contract. [28]. Plaintiff is a commercial real estate developing company managed by David Blackburn. [28]. Defendant JP Hospitality Group, LLC's ("JP Hospitality") owners, John Phillips and Mason Jambon ("Individual Defendants"), established JP Hospitality under Tennessee law. The parties settled on July 2, 2025 [78-1]. Under the settlement agreement ("Agreement"), Jambon was to pay Plaintiff a "total amount of $20,000.00, payable in five (5) consecutive $4,000 payments on the first day of the following months in 2025: August, September, October, November, and December" [78-1]. Defendant Mason Jambon ("Jambon") failed to make his first payment under that agreement on August 1, 2025, and ceased all communication with Plaintiff [78]. Plaintiff now brings the current motion to enforce Jambon to abide by the Agreement [78]. Jambon made no response.[1]

---

[1] The Court notes here Jambon is a pro se litigant.

## *II.  Standard*

"A district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Paris v. TransUnion LLC*, Civ. Action No. 3:24-cv-00279, 2025 WL 1287748, *2 (S.D. Tex. April 30, 2025) (quoting *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020)) (internal quotation marks omitted). Yet, "the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally." *Stamps v. Univ. of Texas Sys.*, No. 24-50405, 2025 WL 720938, *2 (5th Cir. March 6, 2025) (quoting *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. 1980)) (internal quotation marks omitted). "Settlement agreements, when fairly arrived at and properly entered into, are generally viewed as binding, final and as conclusive of the rights of the parties as is a judgment entered by the court." *Id.* (quoting *Rodriguez v. VIA Metro. Transit Sys.*, 802 F.2d 126, 128 (5th Cir. 1986)) (internal quotation marks omitted).

When deciding a motion to enforce settlement, Courts must first determine whether a settlement agreement is valid under the appropriate state contract law and then what relief is warranted under that agreement. *Stamps*, 2025 WL 720938 at *2. "Ultimately, the decision whether to grant a motion to enforce a settlement agreement is committed to the discretion of the district court." *UBEO Bus. Serv., LLC v. DOCUmation, Inc.*, 1:18-cv-415-RP, 2019 WL 5105451, *2 (W.D. Tex. Jan. 14, 2019) (quoting *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-cv-1124-G, 2010 WL 1904562, at *2 (N.D. Tex. May 12, 2010) (citing *Deville v. U.S. Dep't of Veterans Affairs*, No. 06-30252, 2006 WL 2985918, at *1 (5th Cir. 2006))) (cleaned up). The Agreement provides Mississippi law governs its terms, and the Court will therefore review the Agreement under Mississippi contract law.

### *III. Analysis and Discussion*

#### A. Agreement's Validity

"Contract formation requires six elements[:] . . . (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Logan v. RedMed, LLC*, 377 So.3d 956, 962 (Miss. 2024) (quoting *LAGB, LLC v. Total Merch. Servs., Inc.*, 284 So.3d 720, 724 (Miss. 2019)) (internal quotation marks omitted). The first element is clearly established.

The second element is indisputable as well. The Agreement provides Plaintiff agrees to release Jambon from "any and all causes of action" if Jambon pays $20,000 to Plaintiff [78-1]. Under Mississippi law, consideration can be "a return promise, bargained for and given in exchange for the promise" as is the case here. *Hugh Dancy Co., Inc. v. Mooneyham*, 68 So.3d 76, 80 (Miss. Ct. App. 2011) (quoting *Mathis v. Jackson Cnty. Board of Supervisors*, 916 So.2d 564, 569 (Miss. Ct. App. 2005)) (internal quotation marks omitted). Further, the Agreement is sufficiently definite because "the language in the contract is clear and unambiguous" and "the intent of the contract must" therefore "be effectuated." *Rotenberry v. Hooker*, 864 So.2d 266, 270 (Miss. 2003) (citing *Pfisterer v. Noble*, 320 So.2d 383, 384 (Miss. 1975)).

Nothing before this Court casts doubt on the parties' legal capacity to make a contract. Regarding mutual assent, it is clear from the Agreement's signature block a "meeting of the minds" occurred between Plaintiff and Jambon regarding the Agreement's "essential terms." *Thompson v. White*, 328 So.3d 210, 218 (Miss. Ct. App. 2021). Finally, no legal prohibition precludes this contract's formation. Pursuant to the Mississippi Supreme Court's precedent in *Logan*, this Court finds the Agreement is a valid contract supported by consideration. 377 So.3d at 962.

### B. Relief

Plaintiff makes several requests of the Court in its Motion [78]: (1) reopen this action pursuant to the Court's Order Dismissing Action [77]; (2) enter an order enforcing the Agreement [78-1] between the parties; (3) award Plaintiff the unpaid amount currently due under the Agreement; and (4) award Plaintiff its reasonable attorney's fees and costs incurred in bringing this Motion [78]. As previously stated, "the construction *and enforcement* of settlement agreements is governed by principles of state law applicable to contracts generally." *Stamps*, 2025 WL 720938, at *2 (quoting *Lee*, 631 F.2d at 1173-74) (internal quotation marks omitted) (emphasis added). Plaintiff states Jambon "materially breached" the Agreement in its Motion [78]; therefore, the Court conducts an appropriate breach of contract analysis to determine what relief is required under the Agreement.

In Mississippi, "[a] breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Designer Custom Homes, LLC v. U.S. Coating Specialties & Supplies, LLC*, 397 So.3d 523, 528 (Miss. Ct. App. 2024) (quoting *Maness v. K & A Enters. of Miss. LLC*, 250 So.3d 402, 414 (Miss. 2018)). The Court has already established the Agreement is "a valid and binding contract." *Id*. As for element two, Plaintiff claims in its Motion [78] Jambon has "fail[ed] to make the first scheduled payment of $4,000, due on August 1, 2025" [78]. Given Jambon's lack of response to the present motion, the Court assumes he failed to make any payment up to the date of this opinion and ceased all communication with opposing counsel [78]. Therefore, the Court finds Jambon breached the Agreement.

As a result of these findings, it is the judgment of the Court Plaintiff is entitled the full $20,000 value of the Agreement. Additionally, and pursuant to the Agreement itself, the Court

finds Plaintiff is entitled to the "reasonable attorney's fees" [78-1] incurred as result of this Motion [78] and will consider a subsequent motion requesting those fees. The Court does not at this juncture, however, find it necessary to reopen the case, but it does continue to retain jurisdiction over the matter in accordance with its previous Order [77].

### *IV.     Conclusion*

For the foregoing reasons, the Court finds Plaintiff's Motion to Enforce Settlement [78] should be granted.

An order in accordance with this opinion shall issue this day.

THIS, the __15TH__ day of September, 2025.

_____
SENIOR U.S. DISTRICT JUDGE